[No. 3,071.]

HENRY S. DORLAND v. THOMAS MAGILTON, EG-BERT JUDSON, WM. C. WOODMAN, AND PETER R. WOODMAN.

STATUTE OF LIMITATIONS BETWEEN VENDOR AND VENDEE.—The grantor who conveys by a quitclaim deed, may remain in possession of the property conveyed, and assert and maintain an adverse possession for the term of

five years, and thus acquire a title, as against the grantee, by the Statute of Limitations.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Ejectment to recover a small tract of land, being a portion of a fifty-vara lot, on the north-east corner of Church and Eighteenth streets, in the city of San Francisco.

Thomas Dorland was the owner of the fifty-vara lot, and, on the eleventh of April, 1865, conveyed it to Benjamin S. S. Brooks by a quitclaim deed; which deed was recorded on the twenty-fourth day of April following. Dorland's deed to Brooks was merely intended by him to release to Brooks a portion of the land conveyed which was outside of Dorland's enclosure, for the purpose of compromising a dispute between him and Brooks. Dorland remained in possession of the demanded premises (the same being within his enclosure) until March 2d, 1867, when he sold to the defendants by deed of bargain and sale, and delivered them possession.

Thomas Dorland soon after died. The plaintiff, Henry S. Dorland, was his son and heir. On the second day of October, 1869, Brooks conveyed the same fifty-vara lot to the plaintiff, who commenced this action May 16, 1870, to recover possession. The other facts are stated in the opinion. The plaintiff recovered judgment, and the defendants appealed.

*Walter Van Dyke*, for Appellants, argued that the grantor in a quitclaim deed might disseize the grantee, and acquire title by five years adverse possession, and cited *Franklin* v. *Dorland*, 28 Cal. 175.

*Wm. Leviston*, for the Respondent.

By the Court, CROCKETT, J.:

The action is ejectment, and amongst other defenses the defendants rely upon the Statute of Limitations. As we un-

derstand the evidence, it establishes, without contradiction, that for many years prior to March, 1867, Thomas Dorland, under whom both parties claim, was in the actual, exclusive and adverse possession of the premises in controversy, and was so in possession when he sold and conveyed to the defendants, who immediately succeeded to the possession, and were in the actual, exclusive and adverse possession at the commencement of the action. The title of the plaintiffs is derived through a quitclaim deed made by Dorland to Brooks on the eleventh of April, 1865, and a deed from Brooks to the plaintiff made October 2d, 1869. The action was commenced May 16th, 1870—more than five years after the execution of the deed from Dorland to Brooks. The evidence establishes without conflict, that Dorland did not understand the deed to Brooks as including these premises, then within his inclosure and in his actual possession, and that notwithstanding the deed, he continued in the actual, adverse possession of all the land within the inclosure, including the premises in controversy, down to the time when he sold and conveyed to the defendants, who immediately succeeded to the possession and have ever since maintained it. The deed to Brooks was a mere quitclaim, without covenants, and we know of no reason in law why Dorland could not assert and maintain an adverse possession against Brooks, notwithstanding the deed. (*Franklin* v. *Dorland,* 28 Cal. 175.) It is clear, from the proofs, that he did maintain such a possession until he conveyed to the defendants, who have maintained a like possession ever since. The action not having been commenced until more than five years after the deed to Brooks, was barred by the statute. In this view of the case, it is unnecessary to notice the other points discussed by counsel.

Judgment reversed and cause remanded for a new trial.